IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CR-10022-KING

UNITED STATES OF AMERICA,

v.

ANTHONY HARVEY ROSS,

    Defendant.
_____/

## SENTENCING OPINION AND ORDER

**THIS CAUSE** comes before the Court upon Defendant's Sentencing Memorandum (DE #22), requesting that this Court impose a sentence deviating from the Guideline range in effect, when Defendant committed the crimes, in favor of the Sentencing Guidelines promulgated by the Fair Sentencing Act of 2010. The Government has filed a Response (DE #23), and a sentencing hearing was held on December 12, 2010 (DE #24), where both parties were heard and fully argued their respective positions. At the conclusion of the hearing the Court took the matter under advisement. After careful consideration of the arguments and legal authorities, the Court concludes as follows.

The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended Guideline range must be taken into account, the Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides: "The court shall impose a sentence sufficient, but not

greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). With that in mind, the Court turns to the facts at hand.

The Defendant committed an offense which involved 13.2 grams of crack cocaine. At the time Defendant committed this crime, 21 U.S.C. § 841((b)(1)(B)(iii) required a five-year mandatory minimum sentence for offenses involving five grams or more of cocaine base. However, on August 3, 2010, the Fair Sentencing Act of 2010 (Pub. L. No. 111-120,124 Stat 2372, § 2 (August 3, 2010) became law. This act recognized the disparity between sentences for individuals charged with cocaine base versus cocaine powder offenses, and raised the threshold of cocaine base necessary to trigger the five-year mandatory minimum sentences from five grams to twenty-eight grams. This act became effective as of 90 days from the date that it became law, *i.e.*, as of November 3, 2010. The conundrum before the Court is that under the law in effect prior to November 3, 2010, Defendant faced a five-year mandatory minimum sentence; however, if the Court were to apply the adjustments made in the Fair Sentencing Act of 2010, he would not be exposed to a mandatory minimum five-year sentence. The Court is aware that the act was not made retroactive to crimes committed before November, 2010, and that the crimes in this case occurred from September 2009 to January 2010.

The government has a responsibility to argue that Defendant should be sentenced to said mandatory minimum, under 21 U.S.C. § 841((b)(1)(B)(iii), in addition to the five-year consecutive mandatory minimum sentence for his violation of 18 U.S.C. § 924 (C)(1)(A), for a total mandatory minimum sentence of ten (10) years. They capably presented this position. Defendant concedes that the section 924 (C)(1)(A) count of his conviction requires a minimum five-year consecutive sentence to his crack cocaine conviction. Therefore the only issue is whether he should also receive a five-year minimum mandatory sentence for his section

841((b)(1)(B)(iii) conviction.

The Court in good conscious cannot apply the Government's requested interpretation, thus arriving at a sentence the Congress believes to be totally unfair. Indeed Congress was granted emergency authority, to alleviate this issue. Particularly instructive is the letter from Senators Durbin and Leahy, the lead sponsors of the Fair Sentencing Act, requesting that Attorney General Holder apply the act's "modified mandatory minimums to all defendants who have not yet been sentenced, including those whose conduct predates the legislation's enactment." Because the lead sponsors of the Fair Sentencing Act urge Attorney General Holder to do so, and in light of the fact that the Fair Sentencing Act itself, despite the fact that it is not retroactive, does not indicate categories of offenders to whom it applies: those who have not yet offended, offenders not yet convicted, offenders convicted but no yet sentenced, or offenders already sentenced, the Court believes it is proper to sentence Defendant under the new Guidelines. *See U.S. v. Gillam*,---F.Supp.2d---, 2010 WL 4906283, *4 (W.D. Mich.). "It would be a strange definition of "conforming" and "consistency" to have these amended Guidelines go into effect while the old and therefore inconsistent statutory minimums continue." *Id.* at 5. Therefore taking into account all the relevant information, the Fair Sentencing Act of 2010 and supporting materials, this Court finds that the circumstances are sufficiently compelling to justify a deviation from the sentencing guideline in favor of the amended provisions of the Fair Sentencing Act of 2010.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that: The Court finds that the Defendant is unable to pay a fine and therefore no fine is imposed. **The Defendant is hereby sentenced to a term of imprisonment of thirty (30) months followed by a consecutive term of sixty (60) months based on Defendant's conviction pursuant to 18 U.S.C. 924(c). Upon**

**release from imprisonment, the defendant shall be placed on Supervised Release for a term of five (5) years.** Within 72 hours of release, the defendant shall report to the probation office in the district where released. While on supervised release, the defendant shall comply with all standard conditions of supervised release, along with all conditions stated in the forthcoming Judgment.

It is further **ORDERED, ADJUDGED, and DECREED** that since the Court has already conducted a full sentencing hearing and carefully considered the briefs and oral arguments of both parties, it is unnecessary to hear further submissions on the merits from counsel. The defendant will be present for pronouncement of sentencing at the already scheduled (*see* D.E. # 29) sentencing date of January 31, 2011 at 1:00 PM at the United States Courthouse, Courtroom # 1, First Floor, 301 Simonton Street, Key West, Florida.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building, Miami, Florida, this 17th day of December, 2010.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

cc:     **Counsel for Defendant**

**Stewart Glenn Abrams**
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556

**Michael T. Caruso**
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556

cc:     **Counsel for USA**

**Roger Cruz**
United States Attorney's Office
99 N.E 4th Street
Miami, FL 33132